UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS CENTRAL COLLECTION )
AGENCY, and THE TRUSTEES OF THE NEW ENGLAND )
CARPENTERS PENSION FUND, NEW ENGLAND )
CARPENTERS GUARANTEED ANNUITY FUND, NEW )
ENGLAND CARPENTERS HEALTH BENEFITS FUND, )
NEW ENGLAND CARPENTERS VACATION SAVINGS )
FUND, and NEW ENGLAND CARPENTERS TRAINING )
FUND, )
    Plaintiffs, ) C.A. No. 17-
     )
v. )
     )
MASS CONSTRUCTION & ASSOCIATES and MAXIME )
CHARLES, )
    Defendants. )
     )

## COMPLAINT

1.    This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185, to compel defendant Mass Construction & Associates, Inc. to make contributions and other payments owed to plaintiffs, and under ERISA, 29 U.S.C. Sections 1109(a) and 1132(a)(2), against defendant Maxime Charles individually for breach of fiduciary duty.

2.    Jurisdiction is conferred by 29 U.S.C. §§1132(e)(1) and (f) and 29 U.S.C. §§185(a), (b) and (c).

3.    Venue lies in this district pursuant to 29 U.S.C. §1132(e)(2) and 29 U.S.C. §185(c).

4.    The New England Carpenters Pension Fund, the New England Carpenters Guaranteed Annuity Fund, the New England Carpenters Health Benefits Fund, the New England

Carpenters Vacation Savings Fund, and the New England Carpenters Training Fund (collectively, the "Funds") are trusts established in accordance with 29 U.S.C. §186(c), are employee pension benefit or welfare plans as defined by 29 U.S.C. §1002(2), and are governed by the plaintiff Trustees each of whom is a fiduciary to the plans as defined by 29 U.S.C. §1002(21).

5. The New England based local unions affiliated with the United Brotherhood of Carpenters & Joiners of America and the New England Regional Council of Carpenters (collectively the "Union") are labor organizations as defined by 29 U.S.C. Section 152(5).

6. Each of the Funds is a plan that is maintained pursuant to collective bargaining agreements between the Union and more than one employer, and is a plan to which more than one employer is required to contribute for all covered work performed by employees working within the territories defined by the agreements.

7. Plaintiff New England Carpenters Central Collection Agency (hereinafter "the NECCCA") is an agency established by the New England Carpenters Pension Fund which has been designated by the Trustees of each of the various Funds identified in paragraph 4 and by the Union to collect all monies owed to the Funds and others by employers pursuant to collective bargaining agreements with the Union.

8. The Funds are administered in Wilmington, Massachusetts.

9. Defendant Mass Construction & Associates, Inc. (the "Employer") is a corporation incorporated under the laws of the Commonwealth of Massachusetts and having a principal place of business in Stoughton, Massachusetts.

10. Maxime Charles is a resident of Stoughton, Massachusetts and is the president and secretary of the Employer.

11. The Employer is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. §§1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. §§152(2), (6) and (7).

12. The Employer was a party to one or more collective bargaining agreements (the "Agreement") with the Union at all material times which obligated the Employer to make contributions to plaintiffs for each hour of work performed by its employees under the Agreement.

13. The Agreement also provides that, in the event an employer fails to make its required contributions in a timely fashion, the delinquent employer is obligated to the Funds, in addition to the principal amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the plaintiffs in any action to collect the delinquent contributions.

## **COUNT I**

14. The Employer has failed to make contributions to the plaintiffs for work performed by its employees as required by the Agreement and 29 U.S.C. Section 1145.

15. The Employer has failed to submit to plaintiffs reports of the number of hours worked by each employee as required by the Agreement and 29 U.S.C. Section 1145.

## **COUNT II**

16. The Trust Agreement of the New England Carpenters Health Benefits Fund (the "Health Benefits Fund"), to which the Employer agreed to be bound, provides that amounts that are due and owing to the Health Benefits Fund but which are not yet paid to the Fund are

nevertheless assets of the Fund from the moment they become due and owning and that title to such amounts is vested in the Trustees of the Fund.

17. As a result, Employer assets that are due and owing to the Health Benefits Fund are Fund assets.

18. Upon information and belief, Maxime Charles at all material times has been the president and secretary of the Employer, has had broad personal discretion and control over the assets and spending practices of the Employer, and has been responsible for making decisions about which bills or other obligations of the Employer, including contributions that became due and owing to the plaintiffs, to pay or not to pay and, as a consequence, he is a fiduciary within the meaning of 29 U.S.C. Section 1002(21) with respect to the Health Benefits Fund concerning any unpaid contributions.

19. Upon information and belief, at times material to this action, Maxime Charles made decisions to withhold payment of amounts that were due and owing to the Health Benefits Fund and to allocate those assets to other obligations of the Employer.

20. By making decisions to withhold payment of amounts that were due and owing to the Health Benefits Fund, Maxime Charles breached his fiduciary duty to that Fund and is personally liable to that Fund for any resulting losses to the Fund. 29 U.S.C. Section 1109(a).

WHEREFORE, the plaintiffs demand judgment against the defendants as follows:

1. That Mass Construction & Associates, Inc. be ordered to submit the delinquent monthly reports of hours and pay the plaintiffs the delinquent contributions, and interest due on late contribution payments, due the plaintiffs plus prejudgment interest from the date when each month's payment was due and liquidated damages of 20% per annum pursuant to 29 U.S.C. §1132(g)(2);

2.      That Mass Construction & Associates, Inc. be ordered to make all future payments to plaintiffs and submit monthly reports of hours in a timely manner in accordance with its collective bargaining agreement;

3.      That Mass Construction & Associates, Inc. be ordered to pay to the plaintiffs' costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. §1132(g)(2);

4.      That Maxime Charles individually be ordered to pay all delinquent contributions due to the Health Benefits Fund, plus prejudgment interest from the date when each payment was due, liquidated damages of 20% per annum, and plaintiffs' costs and attorney's fees pursuant to 29 U.S.C. Section 1132(a)(2) and (g); and

5.      That the plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

Dated: November 13, 2017                    Respectfully submitted,

                                                      Thomas R. Landry
                                                      BBO #625004 (tlandry@krakowsouris.com)
                                                      KRAKOW, SOURIS & LANDRY, LLC
                                                      225 Friend Street
                                                      Boston, MA 02114
                                                      (617) 723-8440 (phone)
                                                      (617) 723-8443 (fax)

                                                      /s/ Thomas R. Landry_____
                                                      Attorney for Plaintiffs